IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **DIANNE L. WEAVER** | § | |
| | § | |
| vs. | § | CASE NO. 6:23cv00454-JDK-KNM |
| | § | |
| **JERRY PARKER,** *et al.* | § | |
| | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dianne L. Weaver, proceeding *pro se*, filed the above-styled lawsuit on September 7, 2023. For the reasons set out below, the complaint should be dismissed for lack of subject matter jurisdiction.

**Background**

Plaintiff filed this action using a form for filing a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, but Plaintiff is not in custody or serving a sentence. Instead, the complaint appeared to be seeking to stay an eviction proceeding that is pending in Wood County, Texas. *See* Motion for Emergency Stay of State Proceedings, ECF 2. The named defendants in the original pleading are Judge Jerry Parker, Sheriff Kelly Cole, and Judge Alfonso Charles.

The Court provided Plaintiff an opportunity to file an amended complaint addressing the deficiencies identified in the original pleading. Plaintiff filed her amended complaint on September 21, 2023. Plaintiff states that she is only naming three defendants, but she additionally lists multiple other defendants that she believes she could have a course of action against. *See* Amended Complaint, ECF 6, at *2. Where the form asks Plaintiff to list the full name of each defendant, Plaintiff again lists only Judge Jerry Parker, Sheriff Kelly Cole and Judge Alfonso

1

Charles. Plaintiff complains of multiple actions by the Holly Lake Ranch HOA concerning dues and, ultimately, a foreclosure action, as well as incidents concerning actions taken by Holly Lake Ranch security personnel. In the claim for relief section of her amended complaint, Plaintiff states that she is seeking damages in the amount of $500,000 and she wants the "HLRA to stop eviction and foreclosure proceedings and to refrain from demanding past, present and future payments." *Id*. at *13.

## Analysis

Federal courts are courts of limited jurisdiction. Federal courts have only the power authorized them by Congress pursuant to Article III of the Constitution. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331 (1986); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F. 3d 507, 509 (5th Cir. 1997). The burden is on Plaintiff, as the party in this case seeking the federal forum, to establish federal jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). An action must be dismissed if the court determines that subject matter jurisdiction is lacking. FED. R. CIV. P. 12(h)(3).

Here, Plaintiff again asserts in her amended complaint that she is suing Defendants Judge Parker, Sheriff Cole, and Judge Alfonso. To the extent Plaintiff is seeking a reversal or appeal of any state court orders that have been issued, the complaint does not seek relief that is available to Plaintiff in a federal court. Federal courts lack subject matter jurisdiction to review a final state court proceeding in the absence of a federal statute specifically permitting it to do so. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486, 103 S.Ct. 1303, 1317 (1983). No federal court, other than the Supreme Court, has the authority to review, modify, or nullify a state court judgment. *Johnson v. DeGandy*, 512 U.S. 997, 1006–07, 114 S.Ct. 2647, 2654 (1994). Plaintiff's claims are "inextricably intertwined" with the rulings made in state court. *See Feldman*,

460 U.S. at 483 n. 16, 103 S.Ct. at 1316, n. 16.  As a result, the federal court does not have jurisdiction to consider these claims.  *See Chrissy F. by Medley v. Mississippi Dept. of Public Welfare*, 995 F.2d 595 (5th Cir. 1993).

Additionally, to the extent the state foreclosure and/or eviction proceedings are still pending, and Plaintiff is seeking to stop those proceedings, *Younger* abstention "is generally deemed appropriate [when] assumption of jurisdiction by a federal court would interfere with pending state proceedings, whether of criminal, civil, or even administrative character." *Word of Faith World Outreach Center Church, Inc. v. Morales*, 986 F.2d 962, 966 (5th Cir.), *cert. denied*, 510 U.S. 823, 114 S.Ct. 82 (1993).  Courts apply a three-part test to determine whether abstention is appropriate: (1) the dispute must involve an ongoing state judicial proceeding; (2) the subject matter of the proceeding must involve an important state interest; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges.  *Texas Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004).  Plaintiff's claims clearly involve an ongoing judicial proceeding, as Plaintiff asks to stop eviction and foreclosure proceedings.  These claims concern an important state interest in real property rights.  *See Chamberlain v. 625 Orleans, LP*, 2011 WL 1627080, at *3 (E.D.Tex. April 18, 2011).  Plaintiff has not alleged facts showing that she has not been afforded an opportunity to present constitutional challenges in the state court proceedings.  As a result, abstention is appropriate to the extent Plaintiff seeks injunctive relief protecting her from eviction and foreclosure.

It is noted that Plaintiff states that she is only suing three defendants, but she also includes allegations in the amended complaint concerning the Holly Lake Rank HOA and several of its apparent employees.  These allegations concern the assessment of dues, security issues, and the institution of eviction and foreclosure proceedings.  To the extent Plaintiff is seeking to assert

claims against these defendants, the complaint does not reveal diversity of citizenship among the parties, as all parties reside in Texas. As a result, the complaint does not state a basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff additionally has not identified a federal law that provides a basis for federal jurisdiction against these defendants pursuant to 28 U.S.C. § 1331.

In sum, Plaintiff has not shown a basis for federal jurisdiction. The complaint should be dismissed without prejudice pursuant to FED. R. CIV. P. 12(h)(3).

## RECOMMENDATION

It is recommended that the complaint be dismissed without prejudice for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(h)(3).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). The written objections shall not exceed eight pages. *See* Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 6th day of October, 2023.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE