IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DIANNE L. WEAVER,<br><br>    Plaintiff,<br><br>v.<br><br>JERRY PARKER, et al.,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§  Case No. 6:23-cv-454-JDK-KNM<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Dianne L. Weaver, proceeding pro se, filed this case using a form to bring a petition for habeas corpus under 28 U.S.C. § 2241. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On October 6, 2023, Judge Mitchell issued a Report and Recommendation recommending that the Court dismiss this case without prejudice for lack of subject matter jurisdiction. Docket No. 8. Plaintiff filed written objections. Docket No. 9.[1]

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

---

[1] Non-party Philip J. Emerson, Jr. also submitted written objections to the report. Docket No. 10. Mr. Emerson is not a party to this lawsuit, and his objections do not assert facts showing that he is a necessary party pursuant to Federal Rule of Civil Procedure 19(a). Thus, Mr. Emerson does not have standing in this case, and his objections are not properly before the Court.

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff's objections do not demonstrate a basis for federal jurisdiction. Plaintiff continues to assert that she is seeking habeas corpus relief. The purpose of habeas corpus, however, is to grant relief from unlawful imprisonment or custody and "it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 936 (5th Cir. 1976). Habeas corpus cannot be utilized as a "springboard to adjudicate matters foreign to the question of the legality of custody." *Id*. Plaintiff does not allege that she is in custody and has not stated a viable basis for pursuing a habeas corpus claim. Additionally, she does not allege facts showing any other basis for federal jurisdiction.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 8) as the opinion of the District Court. Plaintiff's claims are **DISMISSED** without prejudice for lack of subject matter jurisdiction.

So **ORDERED** and **SIGNED** this **2nd** day of **November, 2023.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE